UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

JACQUELINE REDDY,

                Plaintiff,

                                MEMORANDUM AND ORDER
     - against -
                                CV 2008-4805 (ILG)(MDG)
DAVID MANGINO,

                Defendant.

- - - - - - - - - - - - - - - - - - X

DAVID MANGINO,

       Third-Party Plaintiff,

   - against -

STEPHEN REDDY,

       Third-Party Defendant.

- - - - - - - - - - - - - - - - - - X

Go, United States Magistrate Judge:

    Plaintiff Jacqueline Reddy ("plaintiff") brings this diversity action against defendant David Mangino ("Mangino") asserting claims for breach of contract, conversion, breach of fiduciary duty and unjust enrichment. Mangino filed a third-party complaint against Jacqueline Reddy's husband, Stephen Reddy, alleging breach of contract, unjust enrichment, conversion and fraud. Third-party defendant Stephen Reddy now moves to dismiss the third-party complaint for failure to plead with

particularity and for failure to state a claim[1] and to strike portions of the third-party complaint.  See ct. doc. 16.  The parties consented to my hearing and deciding the instant motion. See ct. doc. 21.

BACKGROUND

The following facts are drawn from the allegations set forth in Mangino's third-party complaint, which are assumed to be true for the purposes of this motion.

Stephen Reddy owned a membership or "seat" on the New York Cotton Exchange, Inc. (the "Seat") which permitted him to trade commodities as a floor broker and/or floor trader on the trading floor of the New York Cotton Exchange (the "Exchange").  Third-party Complaint ("Third-party Compl.") at ¶ 4.  Plaintiff alleges that in 1996, her husband transferred ownership of the Seat to her.  Id. at ¶ 5.  Plaintiff further alleges that she entered into a lease agreement with Mangino and the commodity trading company for which he worked, Citrus Trading Associates ("CTA"), whereby plaintiff leased the Seat to CTA and the Seat was placed in Mangino's name with the Exchange.  Id. at ¶ 5, 22.  Mangino denies that he entered into any such agreement with plaintiff. Id. at ¶ 6.  Rather, Mangino alleges that in October 1996,

---

[1] In his Notice of Motion, Stephen Reddy indicates that he seeks an order dismissing the third-party complaint pursuant only to Rule 9(b) of the Federal Rules of Civil Procedure.  Although he argues for dismissal for failure to state a claim, Stephen Reddy does not cite Rule 12(b)(6).

Stephen Reddy transferred ownership of the Seat to him. Id. at ¶ 15.

In 1998, the Exchange merged with the Coffee, Sugar and Cocoa Exchange to form the Board of Trade of the City of New York (the "NYBOT"). Id. at ¶ 4 n.1. The Seat then became a seat on the NYBOT. Id.

On January 12, 2007, the InterContinental Exchange ("ICE") acquired the NYBOT by offering each member of the NYBOT 11,067 shares of ICE and $380,000 in cash for tender of each membership. Id. at ¶ 26. At that time, ICE shares were valued at $133.37 per share. Id. at ¶ 27. Since the Exchange's records listed Mangino as the owner of the Seat, the ICE shares and cash were distributed to him, the total value of which was approximately $1,856,000. Id.

Following the NYBOT acquisition, Stephen Reddy approached Mangino and demanded compensation as a result of the distribution he received. Id. at ¶ 28. Mangino transferred 7,905 ICE shares and $30,000 in cash to plaintiff based on Stephen Reddy's representation that Mangino could retain the remaining 3,162 ICE shares and $350,000 in cash. Id. at ¶ 29.

Mangino alleges in his Second Cause of Action that by plaintiff's filing of the complaint, Stephen Reddy breached their agreement that Mangino would transfer shares and cash to plaintiff if Mangino could retain the remainder of the proceeds of the acquisition. Id. at ¶ 30. In his Fourth Cause of Action

for fraud, Mangino contends that Stephen Reddy's representation that he would honor Mangino's ownership of the Seat was false when made and induced Mangino to transfer shares and cash to plaintiff. Id. at ¶¶ 55-61. Stephen Reddy contends that the fraud claim should be dismissed because it is duplicative of the breach of contract claim.

DISCUSSION

Motion to Dismiss

A motion to dismiss may be granted for a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds, Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982); see Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 476 (2d Cir. 2006). A complaint may be dismissed only where the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949; see Twombly, 550 U.S. at 556. "[D]etailed factual allegations" are not required; the complaint need only "give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests." Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555; Erickson v. Pardus, 551 U.S. 89, 93 (2007). All reasonable inferences must be drawn in the plaintiff's favor. See Spagnola v. Chubb Corp., 574 F.3d 64, 67 (2d Cir. 2009).

"A cause of action for fraud does not generally lie where the plaintiff alleges only that the defendant entered into a contract with no intention of performing." Grappo v. Alitalia Linee Aeree Italiane, S.p.A, 56 F.3d 427, 434 (2d Cir. 1995); see TVT Records v. Island Def Jam Music Group, 412 F.3d 82, 91 (2d Cir. 2005). In order to sustain a fraud claim, a plaintiff must demonstrate a legal duty separate from the duty to perform under the contract, demonstrate a fraudulent misrepresentation collateral or extraneous to the contract or seek special damages that are caused by the misrepresentation but are not recoverable as contract damages. Bridgestone/Firestone, Inc. v. Recovery Credit Servs., 98 F.3d 13, 20 (2d Cir. 1996); see TVT Records, 412 F.3d at 91.

Here, none of those circumstances are present. Mangino claims fraud based on Stephen Reddy's alleged intention not to perform his obligation under their agreement to forgo the remainder of shares and cash that Mangino received from the acquisition. Although Mangino argues that this misrepresentation is collateral to the contract and was made to induce him into making the transfer to plaintiff, it is the breach of that

-5-

promise that forms the basis for Mangino's contract claim.  There is no promise or representation that is alleged to be false in addition to the statement that underlies the breach of contract claim.  Therefore, the fraud claim is essentially duplicative of the breach of contract claim.

The two cases cited by Mangino are not to the contrary and involved oral promises that were separate and apart from the written contracts.  In <u>Deerfield Communications Corp. v. Chesebrough-Ponds, Inc.</u>, 68 N.Y.2d 954 (1986), a buyer's promise to abide by geographical restrictions on resale it allegedly had no intention of honoring was part of an oral agreement separate from a written contract to purchase merchandise that was made to induce the manufacturer to enter into the purchase agreement.  In <u>Sabo v. Delman,</u> 3 N.Y.2d 155 (1957), the defendant allegedly made false oral representations for the purpose of inducing the plaintiff to execute written contracts.  <u>See</u> <u>also</u> <u>Graubard Mollen Dannett & Horowitz v. Moskovitz</u>, 86 N.Y.2d 112, 122 (1995) (false representation was made orally prior to entering into written agreement).

Thus, I grant Stephen Reddy's motion to dismiss Mangino's fraud claim.[2]

---

[2] Stephen Reddy suggests in his motion to dismiss that Mangino's contract claim is barred by the Statute of Frauds.  <u>See</u> Aff. in Support at ¶ 4 (attached to ct. doc. 16).  Even if that is the case, it does not effect the infirmity of the fraud claim. <u>See</u> <u>Papa's-June Music, Inc. v. McLean</u>, 921 F. Supp. 1154, 1162 (S.D.N.Y. 1996) (dismissing fraud claim where breach of contract
(continued...)

Motion to Strike

Stephen Reddy moves to strike paragraphs 13 and 14 of the third-party complaint. In those paragraphs, Mangino alleges that in 1992, the Commodity Futures Trading Commission (the "Commission") found, following an investigation, Mr. Reddy liable for multiple violations of the Commodity Exchange Act. The Commission revoked Stephen Reddy's broker registration, imposed a ten year trading ban and assessed a $300,000 penalty.

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Absent a strong reason for tampering with pleadings, such a motion should be denied, "unless it can be shown that no evidence in support of the allegation would be admissible...." Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976); see also William Z. Salcer v. Envicon Equities, Corp., 744 F.2d 935, 939 (2d Cir. 1984), vacated on other grounds, 478 U.S. 1015 (1986); Smith v. AVSC International, Inc., 148 F. Supp. 2d 302, 317 (S.D.N.Y. 2001) (motions to strike disfavored).

Stephen Reddy argues that the allegations concerning his trading violations are irrelevant to this action. Mangino

---

[2](...continued)
claim is barred by writing requirement of Copyright Act); Sterling Nat'l Bank v. Goldberg, 277 A.D.2d 45, 46, 715 N.Y.S.2d 409, 411 (1st Dep't 2000) (dismissing fraud claim where breach of contract claim is barred by Statute of Frauds); Guterman v. RGA Accessories, Inc., 196 A.D.2d 785, 786, 602 N.Y.S.2d 116, 117 (1st Dep't 1993) (same).

counters that the allegations demonstrate Stephen Reddy's motivation in transferring the Seat to Mangino and could be used to impeach Mr. Reddy's credibility if he testifies at trial.  I agree that the allegations concerning a sanction by the Commodity Futures Trading Commission may be relevant to the transfer of his Seat on the Exchange.  In addition, the trial court may permit inquiry into these allegations to impeach Stephen Reddy's character for truthfulness on cross-examination.  <u>See</u> Fed. R. Evid. 608; <u>see</u> <u>also</u> <u>U.S. v. Weichert</u>, 783 F.2d 23, 25-26 & n.3 (2d Cir. 1986) (trial court did not abuse discretion in permitting inquiry into disbarment that occurred twelve years before trial); <u>U.S. v. Nelson</u>, 365 F. Supp. 2d 381, 386-91 (S.D.N.Y. 2005) (permitting cross-examination of police officer concerning findings in administrative misconduct proceeding).  In any event, given the fact that the Commission's proceedings are a matter of public record, there is no issue as to its admissibility.

At this stage of the proceeding, it would be improvident to strike a portion of the complaint "unless it is clear that the allegation in question can have no possible bearing on the subject matter."  <u>von Bulow By Auersperg v. von Bulow</u>, 657 F. Supp. 1134, 1146 (S.D.N.Y. 1987) (citation and internal quotation marks omitted).  Thus, Stephen Reddy's motion to strike is denied.

CONCLUSION

For the foregoing reasons, third-party defendant Stephen Reddy's motion to dismiss the third-party plaintiff David Mangino's claim for fraud is granted and his motion to strike certain allegations contained in the third-party complaint is denied.

**SO ORDERED.**

Dated:   Brooklyn, New York
         July 13, 2010

                                    /s/
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE